01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09 UNITED STATES OF AMERICA,           )
                                       )
10            Plaintiff,               )
                                       )     Case No.  CR06-0041-RSL-JPD
11       v.                            )
                                       )
12 RODNEY ROLLNESS,                    )     DETENTION ORDER
                                       )
13            Defendant.               )
   _____)

14

15 <u>Offenses charged</u>:

16       Count 1:  Racketeer Influenced and Corrupt Organization (RICO)  in violation of 18

17 U.S.C. § 1962(c).

18       Count 2:  Conspiracy to Commit RICO in violation of 18 U.S.C. § 1962(d).

19       Count 3:  Violent Crime in Aid of Racketeering —  Conspiracy to Murder Michael

20 Walsh in violation of 18 U.S.C. § 1959(a)(5).

21       Count 4:  Violent Crime in Aid of Racketeering — Murder of Michael Walsh in violation

22 of 18 U.S.C. § 1959(a)(1).

23       Count 5:  Accessory After the Fact in violation of 18 U.S.C. § 3.

24       Count 6: Transportation of a Stolen 1997 Harley Davidson Motorcycle in violation of

25 18 U.S.C. § 2312.

26       Count 7:  Sale of a Stolen 1997 Harley Davidson Motorcycle in violation of 18 U.S.C.

01 §§ 2313(a) and 2.

02       Count 8:  Transportation of a Stolen 1995 Harley Davidson FLSTN in violation of 18

03 U.S.C. §§ 2312 and 2.

04       Count 9:  Trafficking in a VIN-Switched 1975 Harley Davidson Motorcycle in violation

05 of 18 U.S.C. § 2321.

06       Count 10:  Transportation of a Stolen 1975 Harley Davidson Motorcycle in violation of

07 18 U.S.C. § 2312.

08       Count 11: Interference with Commerce by Threats or Violence in violation of 18 U.S.C.

09 §§ 1951(a) and (b).

10       Counts 12 and 13:  Witness Tampering in violation of 18 U.S.C. §§ 1512(b)(3) and 2.

11 Date of Detention Hearing:    February 17, 2006.

12       The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

13 based upon the factual findings and statement of reasons for detention hereafter set forth, finds

14 the following:

15       FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

16       (1)    Defendant is facing the possibility of a penalty of death or life in prison on the

17 instant charges which involve crimes of extreme violence.

18       (2)    Defendant has previously threatened persons investigating matters relating to his

19 daughter.

20       (3)    Defendant is alleged to have threatened witnesses in the past and is charged with

21 witness tampering in the current indictment.

22       (4)    There appear to be no conditions or combination of conditions other than

23 detention that will reasonably address the danger to other persons or the community.

24       IT IS THEREFORE ORDERED:

25       (1)    Defendant shall be detained pending trial and committed to the custody of the

26            Attorney General for confinement in a correction facility separate, to the extent

01  practicable, from persons awaiting or serving sentences or being held in custody

02  pending appeal;

03  (2)  Defendant shall be afforded reasonable opportunity for private consultation with

04  counsel;

05  (3)  On order of a court of the United States or on request of an attorney for the

06  government, the person in charge of the corrections facility in which defendant

07  is confined shall deliver the defendant to a United States Marshal for the purpose

08  of an appearance in connection with a court proceeding; and

09  (4)  The Clerk shall direct copies of this Order to counsel for the United States, to

10  counsel for the defendant, to the United States Marshal, and to the United States

11  Pretrial Services Officer.

12  DATED this 21st day of February, 2006.

13

14

15  JAMES P. DONOHUE
United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

DETENTION ORDER                                                  15.13
18 U.S.C. § 3142(i)                                           Rev. 1/91
PAGE 3