1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

       Plaintiff,

   vs.

RODNEY ROLLNESS,

       Defendant.

Case No.  CR06-41L

ORDER AFFIRMING MAGISTRATE
JUDGE'S DETENTION ORDER

      This matter comes before the Court on defendant's "Motion For Revocation Of Magistrate Judge's Detention Order" (Dkt. # 32).[1]  The Honorable James P. Donohue, United States Magistrate Judge, issued the February 17, 2006 detention order after determining that defendant posed a danger to the community.

      The Court has reviewed the recorded February 17, 2006 detention hearing, defendant's motion for revocation of the detention order, the Government's opposition to revocation of the detention order and the remainder of the record.  It considers *de novo* the detention order issued

---

[1] This matter can be decided on the recorded February 17, 2006 detention hearing, the memoranda submitted by the parties and the remainder of the record.  In making its decision, the Court did not consider the testimony of Ms. Walsh.  Defendant's request for oral argument is DENIED.

ORDER AFFIRMING MAGISTRATE
JUDGE'S DETENTION ORDER - 1

1   by Judge Donohue.  U.S. v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

2       The Court will detain defendant prior to trial if it determines "that no condition or

3   combination of conditions will reasonably assure . . . the safety of any other person and the

4   community."  18 U.S.C. § 3142(e).  Pursuant to 18 U.S.C. § 3142(g), the Court considers four

5   factors when deciding if defendant is a danger to the community: "(1) [t]he nature and

6   circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3)

7   the history and characteristics of the person . . . (4) the nature and seriousness of the danger to

8   any person or the community that would be posed by the person's release."  The Government

9   bears the burden of establishing "by clear and convincing evidence that the defendant poses a

10  danger to the community."  United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

11       The Court finds by clear and convincing evidence that defendant poses a danger to the

12  community.  Defendant is charged with numerous crimes including racketeering, conspiracy to

13  murder in aid of racketeering, murder in aid of racketeering and witness tampering.  Although

14  the Government has indicated that it does not intend to seek the death penalty, defendant's

15  murder count is a capital crime.  In addition, defendant has a criminal history that includes

16  convictions for criminal trespass, forgery, carrying a loaded weapon and possession of drug

17  paraphernalia.  Finally, defendant has previously been involved with the Washington Nomads

18  Chapter of the Hells Angels Motorcycle Club.  The United States Pretrial Services report

19  describes an uncharged 1991 incident during which defendant threatened a Washington State

20  Department of Social and Health Services worker, warning him that he knew Hells Angels who

21  could kill him.  These facts clearly demonstrate that defendant poses a significant risk to

22  individuals involved in this trial and to the community at large.

23
24
25
26
27
28  ORDER AFFIRMING MAGISTRATE
    JUDGE'S DETENTION ORDER - 2

1      For all of the foregoing reasons, defendant's "Motion For Revocation Of Magistrate

2  Judge's Detention Order" (Dkt. #32) is DENIED.

3

4      DATED this 10th day of March, 2006.

5

6

7                                              _MWP S Lasnik_

8                                              Robert S. Lasnik
                                               United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER AFFIRMING MAGISTRATE
    JUDGE'S DETENTION ORDER - 3