UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

         Plaintiff,

      v.

RICHARD ALLEN FABEL,
RODNEY ROLLNESS,
JOSHUA BINDER, and
RICKY JENKS, and
PAUL FOSTER.

         Defendants.

Case No.  CR06-041L

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS

## I.  INTRODUCTION

This matter comes before the Court on defendant Rollness' "Motion to Suppress Statements of January 26, 2004" (Dkt. #281).  Rollness argues that statements he made to police investigators on January 26, 2004 should be suppressed because he did not make a valid waiver of his Miranda rights prior to making the statements.  The Government contends that Rollness' waiver was knowing and voluntary and that the statements are therefore admissible.  For the reasons explained below, the Court grants Rollness' motion to suppress.

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS

## II.  FACTUAL BACKGROUND

On January 22, 2004, officers from the Monroe Police Department were dispatched to investigate an assault at witness M.K.'s place of business.  According to M.K., Rollness and Binder arrived at his shop with handguns and threatened to kill him if he did not sign over the titles to his motorcycles.  After being threatened with further violence, M.K. left the scene and contacted police.

On the morning of January 26, 2004, Rollness was contacted by Detective Pitts of the Monroe Police Department and asked to come into the station for questioning.  Rollness agreed to come in, but contends that he only did so after being told by officers that they needed a statement only to enable them to close the investigation.  Rollness also contends that he was assured that he would not be arrested.

As promised, Rollness arrived at the police station at approximately 4:50 p.m..  The interview was recorded and the Court has been provided with the transcript.  The relevant exchange unfolded as follows:

> Officer Southard: Okay.  You must understand your constitutional rights before I, we, ask you any questions.  Your constitutional rights are as follows.  You have the right to remain silent.  Any statement you do make can and will be used as evidence against you in a court of law.  Next part applies to the juvenile, Rod, and I'm gonna put X on there so you can see that I'm not writing it.  It's also on tape now.  You have the right at this to an attorney of your own choosing and have him present before and during questioning or the making of any statement.  If you cannot afford an attorney you are entitled to have one appointed for you by a court, without cost to you, and to have him/her present before, during, before and during questioning or making of any statement.  If you decide to answer questions now, without an attorney present, you will still have the right to stop the questioning at any time until you talk to an attorney.  You have the right to exercise any of the above rights at any time before or during any questioning and the making of any statement.  Do you understand those?
>
> Rollness: Yes, I do.
>
> Officer Southard: Okay.  Now I'm gonna ask you these four little questions.  Do you understand each of these rights, each of these constitutional rights I have explained to you.
>
> Rollness: I do.

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS

Officer Southard: Are you willing to sign this form, at this time, acknowledging your constitutional rights have been read to you?

Rollness: Um...I'll do a tape recording but I don't know if I want to sign anything until I talk to my lawyer.

Officer Southard: Okay. Do you want to talk to your lawyer?

Rollness: Not, no I talked to him earlier and he said just come in here and talk to you guys and um, that that's as far as it should go.

Detective Hatch: Okay. This, uh, you understand this is simply uh, uh, what you're signing is simply that you understand everything and that you're willing to talk to us?

Rollness: Yeah, right, exactly.

Detective Hatch: Okay. And that's the only, that's the only thing that you're signing. You're not signing that...

Rollness: That I'm guilty of nothing?

Officer Southard: Right.

Detective Hatch: No, no, no.

Rollness: Okay 'cause I'm not guilty of nothing. I want that to be clear.

Detective Hatch: Yeah, you sign right here, sorry.

Officer Southard: Yeah we don't you to, we're not going to like have you sign some pre-formatted admission of guilt . . . or anything.

Rollness: No, right.

Officer Southard: Okay. Um, are you willing to waive your constitutional rights at this time and sign such waiver on this form, which you already did, obviously. So, I'm gonna skip that.

Rollness: But I'm not waiving my rights is what I'm saying.

Officer Southard: Okay.

Rollness: I mean I'll sign that I understand what's going on.

Detective Hatch: Rod, maybe I should explain just a little bit to you. Um, the right, your constitutional rights...

Rollness: Um hum...

Detective Hatch: Okay, we read these to everybody that sits down in this

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS

1  room

2  Rollness: Um hum.

3  Detective Hatch: Because well, we're in a police department and . . .

4  Rollness: Right, I understand.

5  Detective Hatch:  . . . a lot of people don't feel that they're . . .

6  Rollness: Right

7  Detective Hatch: . . . that they're uh, uh...

8  Rollness: No, I understand.

9  Detective Hatch: Okay.  Um...

10
11  Rollness: It's just that I don't want to waive none of my constitutional rights during, you know, I'll answer anything you guys want 'cause I'm not guilty of nothing.

12  Detective Hatch: Okay.

13
14  Rollness: But I'm not gonna waive my constitutional rights in case this goes to court.

15  Detective Hatch: You can, you can . . .

16  Rollness: Then I'm not gonna have a ground to stand on.

17  Detective Hatch: Okay.  You're willing to make a statement now?

18  Rollness: Yeah.

19  Motion to Suppress, Appendix A at pp. 1-4.  The officers then proceeded to interview Rollness

20  at length.  At the close of the interview, Rollness was arrested.

21  ### III. DISCUSSION

22      It is the Government who has the burden of proving that the defendant "knowingly and

23  voluntarily" waived his Miranda rights.  United States v. Heldt, 745 F.2d 1275, 1277 (9th Cir.

24  1984).  "This burden is great," and the Court must "indulge every reasonable presumption

25  against waiver of fundamental constitutional rights."  Id.  "To be knowing and intelligent, 'the

26  waiver must have been made with a full awareness of both the nature of the right being

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS

1   abandoned and the consequences of the decision to abandon it.'" <u>United States v. Vallejo</u>, 237

2   F.3d 1008, 1014 (9th Cir. 2001) (quoting <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986)).  In

3   determining whether a waiver is valid under this standard, the Court looks to the totality of the

4   circumstances, "including the background, experience, and conduct" of the defendant.  <u>Id.</u>

5          After hearing the testimony of the officers and conducting a thorough review of the

6   interview transcript, the Court concludes that the waiver at issue here was not "knowing and

7   intelligent."  On at least three occasions after signing his <u>Miranda</u> waiver, but prior to the start of

8   the interrogation, Rollness informed the officers that he was not waiving his constitutional

9   rights.  On one occasion, after Officer Southard indicates that Rollness has signed his waiver of

10  <u>Miranda</u> rights, Rollness clarifies his position: "But I'm not waiving my rights is what I'm

11  saying . . . I mean I'll sign that I understand what's going on."  At that point, Detective Hatch

12  states, "Rod, maybe I should explain just a little bit to you.  Um, the right, your constitutional

13  rights..."  Detective Hatch never concluded this line of thought and did not go on to clarify

14  Rollness' constitutional rights at any other point in the interview.  Soon after, Rollness again

15  reiterates his intention not to waive his constitutional rights:  "I'm not gonna waive my

16  constitutional rights in case this goes to court....Then I'm not going to have a ground to stand

17  on."  It is apparent at that point that Rollness believed he was making an "off the record"

18  statement to police on a closed matter.  Rather than stopping questioning or seeking clarification

19  from Rollness as to the scope of his waiver of <u>Miranda</u> rights, officers instead chose to proceed

20  with questioning as if Rollness had waived all his <u>Miranda</u> rights without reservation.

21         After reviewing Rollness' statements in light of the totality of the circumstances, the

22  Court concludes that the Government has not met its burden of establishing that Rollness waived

23  his <u>Miranda</u> rights with "a full awareness of both the nature of the right being abandoned and the

24  consequences of the decision to abandon it." <u>Moran</u>, 475 U.S. at 421.  As such, all statements

25  made by Mr. Rollness to the police on January 26, 2004 shall be suppressed.

26

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**IV.  CONCLUSION**

For the foregoing reasons, defendant Rollness' motion to suppress (Dkt. #281) is GRANTED.

DATED this 1st day of February, 2007.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING ROLLNESS
MOTION TO SUPPRESS