UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER, and<br>RICKY JENKS, and<br>PAUL FOSTER.<br><br>    Defendants. | Case No. CR06-041L<br><br>ORDER DENYING ROLLNESS'<br>MOTION TO SUPPRESS |

## I. INTRODUCTION

This matter comes before the Court on defendant Rollness' "Motion To Suppress Evidence" (Dkt. #290). Rollness moves to suppress all evidence obtained during the February 14, 2006 and February 17, 2006 searches of his property as well as the fruits of those searches. In support of his motion, Rollness argues that the warrant was based on evidence that was speculative and stale and therefore not "sufficient to justify a conclusion that the property which is the object of the search is probably on the premises to be searched at the time the warrant is issued." United States v. Greany, 929 F.2d 523, 524-25 (9th Cir. 1991). Rollness also contends that agents exceeded the scope of the search warrant and that the warrant was impermissibly overbroad.

## II. FACTUAL BACKGROUND

On February 10, 2006 a search warrant was signed and issued for the Rollness residence by Magistrate Judge James Donohue. The warrant was based on an affidavit prepared and signed by FBI Special Agent Dennis O'Dell. The primary search was executed on February 14, 2006 with a follow up search taking place on February 17, 2006.

## III. DISCUSSION

**A.   Was There Probable Cause?**

A magistrate judge's determination of probable cause is "accorded great deference and is reversed only if that determination is clearly erroneous." United States v. Terry, 911 F.2d 272, 275 (9th Cir. 1990). As such, this Court need only determine that the magistrate judge "had a substantial basis for finding probable cause." United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir. 2002). In making a probable cause determination, "[a] magistrate may 'draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense.'" United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986)).

The Court believes that the O'Dell affidavit contained sufficient facts to provide a substantial basis for Magistrate Judge Donohue's finding of probable cause. Similarly, the Court does not believe that the evidence contained in the affidavit was prohibitively stale. As the defendant concedes, "'[t]he mere lapse of substantial amounts of time is not controlling in a question of staleness.'" United States v. Vaandering, 50 F.3d 696, 700 (9th Cir. 1995) (quoting United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993)). Information is not stale if "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." United States v. Lacy, 119 F.3d 742, 745-46 (9th Cir. 1997) (quoting United States v. Gann, 732 F.2d 714, 722 (9th Cir. 1984)). The affidavit at issue here provided a sufficient basis to conclude that the pattern of activity would have been ongoing at the point the search warrant was issued and that evidence related to the crimes at issue would

ORDER DENYING ROLLNESS'
MOTION TO SUPPRESS

1 still be present on the property.  Though Rollness may have left the Hells Angels in September
2 2003, the affidavit explicitly describes why relevant evidence would likely still be found in
3 February 2006:

> HAMC members are required to possess items showing their association or membership with the HAMC, including but not limited to vests, colors, patches, pins, stickers, t-shirts, documents, photographs, and other memorabilia depicting HAMC association or membership.  These items are typically maintained at the residences and business of the members and associates.  Although former members are required to give back their club colors, it is likely that even former members such as Rollness and Binder will still maintain documents, photographs, and other memorabilia depicting their past association with the HAMC as V-1 and CI-1 did.

9 Motion, Appendix A at p. 45.  The Court believes the magistrate court's probable
10 cause determination was sound.

11 **B.    Was the Warrant Overbroad?**

12         Defendant also argues that the warrant at issue was impermissibly overbroad.  In a RICO
13 action, "any evidence relevant to prove any element of the RICO offense is potentially seizable."
14 United States v. Rubio, 727 F.2d 786, 793 (9th Cir. 1984).  The Government maintains that the
15 warrant was crafted to target "association" evidence and was thus not overbroad.  In order to
16 support the seizure of broad associational evidence, however, the affidavit must do more than
17 just establish that the suspect was associated with a particular enterprise.  Id. at 794.  Instead, the
18 affidavit "must also provide probable cause to believe that the subject has conducted the affairs
19 of the enterprise, at least in part, through a pattern of racketeering activity."  Id.  The affidavit
20 here did not rest on a simple allegation of Rollness' association with the Hells Angels.  Rather,
21 the affidavit established probable cause to believe that there was a "nexus" between Rollness'
22 association with the Hells Angels and some form of criminal activity, including the murder of
23 Michael Walsh and the trafficking of stolen motorcycles.  See Id.  As such, the Court concludes
24 that the affidavit was sufficiently tailored to support the seizure of a broad category of
25 associational evidence.

26

ORDER DENYING ROLLNESS'
MOTION TO SUPPRESS

1 **C.      Did the Government Exceed the Scope of the Warrant?**

2       Defendant contends that agents also exceeded the scope of the search warrant when it
3 seized "boxes and boxes" of evidence from the Rollness home.  Motion at p. 11.  The Ninth
4 Circuit has held that broad seizures of evidence may be permissible in some instances: "If
5 commingling prevents on-site inspection, and no other practical alternative exists, the entire
6 property may be seizable, at least temporarily."  United States v. Hillyard, 677 F.2d 1336, 1340
7 (9th Cir. 1982).  In light of the testimony presented at the evidentiary hearing, the Court
8 concludes that on-site inspection of all the seized material was impractical given the layout of
9 the property, the volume of the material to be searched, the time limitations on the search and
10 the way in which the property was stored by Rollness.  The Court also concludes that evidence
11 related to the "Filthy Few" patch, photographs depicting individuals known to be associated with
12 various criminal activities, and other records and property discussed at the evidentiary hearing
13 all had a sufficient nexus to the crimes under investigation to justify seizure.  See United States
14 v. Kane, 450 F.2d 77, 85 (5th Cir. 1971).

## IV.  CONCLUSION

16       For the foregoing reasons, defendant Rollness' motion to suppress (Dkt. #290) is
17 DENIED.

19       DATED this 6th day of February, 2007.

                    /s/ Robert S. Lasnik
                    Robert S. Lasnik
                    United States District Judge

ORDER DENYING ROLLNESS'
MOTION TO SUPPRESS