UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER, and<br>RICKY JENKS, and<br>PAUL FOSTER.<br><br>　　　　　Defendants. | Case No. CR06-041L<br><br>ORDER GRANTING IN PART AND DENYING IN PART ROLLNESS' MOTION TO EXCLUDE PRIOR BAD ACTS |

**I. INTRODUCTION**

This matter comes before the Court on defendant Rollness' "Motion to Exclude Prior Bad Acts" (Dkt. #423). Rollness seeks to exclude six "prior bad acts" that the Government intends to introduce in its case-in-chief. For the reasons discussed below, Rollness' motion is granted in part and denied in part.

**II. DISCUSSION**

Federal Rule of Evidence 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such evidence is admissible "for other purposes, such as proof of motive,

1  opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
2  Id. Further, to the extent that evidence goes to establish the existence and nature of the
3  enterprise in a RICO action, Rule 404(b)'s prohibition of "other crimes" evidence does not
4  apply.  See United States v. Salerno, 108 F.3d 730, 738-39 (7th Cir. 1997).

5  **A.    Stolen Motorcycles**

6  The Government intends to offer testimony to establish that Rollness admitted to stealing
7  approximately 200 motorcycles and that one of these motorcycles was found on his property
8  during the February 14, 2006 search of his home.  Rollness contends that this evidence should
9  be excluded under Rule 404(b).  Defendant's motion in limine to exclude such evidence is
10 denied.  The evidence is relevant to prove that Rollness' had knowledge that the motorcycles he
11 transported were stolen.

12 **B.    Testimony that Rollness Solicited CI-2 to Kill CI-1**

13 The Government also intends to introduce evidence that CI-2 was solicited by Rollness to
14 kill CI-1 in order to prevent him from talking about the illegal activities of the Hells Angels.
15 This evidence is relevant to demonstrate both the nature of the enterprise and to establish the
16 reasonableness of CI-2's fear of Rollness as it relates to extortion allegations made against
17 Rollness in count 13.  Defendant's motion to exclude this evidence is denied.

18 **C.    Other Challenged 404(b) Evidence**

19 Rollness also seeks to exclude evidence of the intimidation of a DSHS worker in 1991, an
20 attempted kidnap and rape from 1998 and a traffic altercation from 2003.  Because the
21 Government has indicated that it does not intend to refer to these incidents in its case in chief,
22 defendant's motion is granted as to this evidence.

23
24
25
26

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS' MOTION
TO EXCLUDE PRIOR BAD ACTS

## III.  CONCLUSION

For the foregoing reasons, defendant Rollness' motion to exclude (Dkt. #423) is DENIED IN PART and GRANTED IN PART.

DATED this 16th day of February, 2007.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS' MOTION
TO EXCLUDE PRIOR BAD ACTS