UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ALLEN FABEL,<br>RODNEY ROLLNESS,<br>JOSHUA BINDER, and<br>RICKY JENKS, and<br>PAUL FOSTER.<br><br>Defendants. | Case No. CR06-041L<br><br>ORDER GRANTING IN PART AND DENYING IN PART ROLLNESS' MOTIONS IN LIMINE |

## I. INTRODUCTION

This matter comes before the Court on defendant Rollness' "Preliminary Motions In Limine" (Dkt. #418).  Rollness seeks to preclude the Government from presenting evidence relating to 21 separate matters.  For the reasons discussed below, Rollness' motion is granted in part and denied in part.

## II. DISCUSSION

In order to prove the RICO charges in this case, the Government must prove, beyond a reasonable doubt, the existence of an enterprise.  To meet this burden, the Government may present evidence of the "structure, common purpose, and continuity of the charged enterprise."

1  United States v. Salerno, 108 F.3d 730, 739 (7th Cir. 1997).  Evidence to establish the existence
2  and nature of the enterprise is not barred by Rule 404(b)'s prohibition of "other crimes"
3  evidence.  Id.
4       Even if evidence is not barred by Rule 404(b), it still must still pass muster under Rule
5  403.  Federal Rule of Evidence 403 states that otherwise relevant evidence "may be excluded if
6  its probative value is substantially outweighed by the danger of unfair prejudice, confusion of
7  the issues, or misleading the jury, or by considerations of undue delay, waste of time, or
8  needless presentation of cumulative evidence."  The Court has "discretion to admit evidence that
9  sheds light on disputed issues of fact at trial if the court balances the probative value of such
10 evidence against its prejudicial effect."  United States v. Taylor, 239 F.3d 994, 999 (9th Cir.
11 2001).

12 **A.    Defendant's Criminal History**

13      The Government has indicated that it does not intend to inquire into Rollness' criminal
14 history in its case-in-chief.  Defendant's motion in limine to exclude reference to such history is
15 therefore granted.

16 **B.    Evidence Related to Defendant's Bad Character, Reputation and Witnesses Who Claim to be Afraid of Defendant**
17
18      Rollness seeks to prohibit the Government from offering testimony related to his
19 character and reputation as well as claims by certain witnesses that they feared him.  While the
20 Court agrees that the Government may not introduce such evidence for the sole purpose of
21 proving defendant's propensity to commit a particular crime, it can be admissible if relevant for
22 other reasons.  In this case, testimony by alleged extortion victims that relates to defendant's
23 reputation is necessary to establish why they had a reasonable fear of defendant at the time of
24 the alleged extortion.  See Carbo v. United States, 314 F.2d 718, 740 (9th Cir. 1963) ("[i]n cases
25 of extortion based upon fear of violence the facts of fear, actual or anticipated, and of its
26 reasonableness, are vital factors.").  Such testimony also helps to establish why they would

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS'
MOTIONS IN LIMINE

delay reporting information to law enforcement.  The prejudicial impact of such testimony can be mitigated by offering the evidence in conjunction with the limiting instruction proposed by the Government in its response.  See Response at p. 4.

**C.     Evidence of Defendant's Nickname**

Rollness also seeks to prohibit evidence that he was known as "the punisher" or "Punisher Rod."  Testimony relating to the defendant's nickname has relevance similar to the reputation evidence discussed above, but only in cases where the witness is an alleged victim and was aware of defendant's nickname at the time they encountered Rollness.  Testimony relating to defendant's nickname in any other circumstance is precluded.

**D.     Portions of Defendant's August 9, 2001 Interview**

On August 9, 2001, Rollness was interviewed by police at the Snohomish County Sheriff's Office.  He now requests that the Court prohibit the Government from offering certain portions of the interview to the jury.  Because the Government does not object to redacting portions of the interview relating to Rollness' refusal to take a polygraph test and a previous investigation relating to rape and shooting allegations, these portions of defendant's motion in limine are granted.  Defendant's request to prohibit the presentation of portions of the interview relating to the Bandidos and his thoughts on the propensity of members of the Hells Angels to "rat" on other members is denied.

**E.     Defendant's Alleged Use and Sale of Drugs**

Rollness argues that evidence related to his drug use and sales of drugs should not be presented to the jury because he is not charged with any drug-related offenses.  Such evidence is relevant to establishing the objectives as well as the means and methods of the enterprise and to explain the nature of the relationship between S.L. and Rollness.  The probative value of the evidence outweighs any prejudicial impact.  This aspect of defendant's motion in limine is denied.

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS'
MOTIONS IN LIMINE

### F. Testimony Related to Defendant's Home

Rollness seeks to prohibit the presentation of evidence related to the remoteness of his home and the discovery of extra-thick glass in one of the windows. The Court grants defendant's motion in limine to exclude testimony related to the remoteness of the Rollness home, but only to the extent such testimony relates to officers' fear of visiting and arresting Rollness at the property. The motion in limine to exclude testimony related to the extra-thick glass found on the property is also granted.

### G. Defendant's Other Arrests

The Government has indicated that it does not intend to introduce testimony about the use of a SWAT team or dogs in the course of his arrest on January 26, 2004 and February 14, 2006. Defendant's motion in limine to exclude reference to such evidence is therefore granted.

### H. Firearms, Weapons and Bulletproof Vest

Rollness argues that the Government should be prohibited from introducing evidence relating to firearms, weapons and a bulletproof vest that were seized during the February 14, 2006 search of his home. The Court denies defendant's effort to prohibit the Government from introducing evidence relating to firearms and weapons found during the search, including brass knuckles. Defendant's motion in limine to exclude evidence related to the seizure of a bulletproof vest is granted.

### I. Rollness' Tax Records

Rollness' motion in limine to prohibit the introduction of evidence related to his tax records is denied. Such evidence is relevant to the Government's effort to establish that Rollness attempted to conceal income related to stolen motorcycles. See United States v. Ordonez, 737 F.2d 793, 811 (9th Cir. 1984).

### J. Improper Co-Conspirator Hearsay

This matter was addressed at the February 6, 2007 status conference where the

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS'
MOTIONS IN LIMINE

Government was ordered to provide defendants with additional information regarding the scope and nature of co-conspirator statements it intends to introduce at trial. Because this matter is subject to ongoing discussions, the Court will not address it further in this order.

**K.     Alleged Assault of Bruce Erickson**

The Government has indicated that it plans to introduce evidence relating to Rollness' alleged assault of Bruce Erickson. Rollness argues that the assault is unrelated to the Hells Angels and should therefore be barred under Rule 403. The Court denies defendant's motion in limine to exclude evidence related to the assault. The Government, however, may only introduce evidence related to this incident if it is tied to a specific witness who testifies that they feared Rollness because of what they witnessed during the assault itself.

**L.     Alleged Theft of Alcohol from the Mars Hotel**

Rollness' motion in limine to exclude evidence related to the theft of alcohol from the Mars Hotel is denied.

**M.     Alleged Theft of Scott Hendricks' Motorcycle**

Rollness' motion in limine to exclude evidence related to the alleged theft of a motorcycle owned by Scott Hendricks is also denied. Such evidence is relevant to Hendricks' fear of Rollness and to his reasons for assisting Rollness in concealing the murder of Michael Walsh.

**N.     Alleged Misconduct by Defense Investigators**

Rollness' motion in limine to prohibit the presentation of evidence related to the misconduct of defense investigators is granted.

**O.     January 22, 2004 Search**

Rollness seeks to exclude evidence related to the police response at Michael Kordash's business on January 22, 2004. The Court denies Rollness' motion in part and grants it in part. The Government may present testimony to demonstrate how the investigation proceeded and to

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS'
MOTIONS IN LIMINE

1  explain how suspects may have been able to escape from the location.  Witnesses may not testify
2  about the need to dispatch a Special Emergency Response Team or infer that the use of such a
3  team was due to a fear of Rollness.

### P. Kordash Statements

5  Rollness' motion in limine to exclude the statements of Michael Kordash is denied.

### Q. Identification of Defendants in Court by LS

7  Rollness' motion in limine to prevent L.S. from making an in-court identification of
8  individuals involved in his assault and robbery is granted.

### R. Character Evidence Relating to Michael Walsh

10  The Court grants in part and denies in part Rollness' motion in limine to prevent the
11  introduction of evidence related to Michael Walsh.  The Government may introduce testimony
12  to corroborate Rollness' admissions to witness S.L. that he killed Walsh because Walsh was
13  holding himself out as a drug dealer and a member of the Hells Angels.  The Government may
14  not introduce other unrelated character evidence or testimony that otherwise violates traditional
15  hearsay rules.

### S. Witness Security Program

17  The Court will defer until trial those questions related to the Government's disclosure to
18  the jury that certain witnesses have entered the Witness Security Program.  That said, the Court
19  anticipates that such information will likely need to be presented to the jury, particularly if
20  defendants seek to make the credibility of such witnesses an issue at trial.  See United States v.
21  Castleberry, 642 F.2d 1151 , 1153 (9th Cir. 1981); United States v. Frankenberry, 696 F.2d 239,
22  242 (3d Cir. 1982); United States v. Talley, 164 F.3d 989, 1002 (6th Cir. 1999).  In allowing
23  such information to be presented to the jury, courts have emphasized the need for such
24  disclosures to be made with "great caution" in order to avoid the inference that defendants were
25  the source of the danger to the witness.  United States v. Melia, 691 F.2d 672, 675 (4th Cir.

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS'
MOTIONS IN LIMINE

1982); see also United States v. Vaulin, 132 F.3d 898, 901 (3d Cir. 1997) (such evidence "is a matter that must be handled delicately."). Courts have sought to minimize the prejudicial impact of such testimony through the use of limiting instructions or by limiting the scope of the testimony at trial to avoid the implication that entry into the program was due to the dangerous nature of the defendants or specific threats made by the defendants. See United States v. Partin, 601 F.2d 1000, 1009 (9th Cir. 1979), abrogated on other grounds, United States v. Rewald, 889 F.2d 836 (1989); see also Talley, 164 F.3d at 1003. The Court's eventual resolution of this matter will be guided by these principles and will depend on the context in which the Government seeks to introduce such evidence at trial.

**T.    Evidence Relating to National HAMC**

Rollness' motion in limine to prevent the Government from offering evidence related to the Hells Angels outside of Washington, including the rules, policies and practices of the national organization is denied.

### III.  CONCLUSION

For the foregoing reasons, defendant Rollness' motion in limine (Dkt. #418) is GRANTED IN PART and DENIED IN PART.

DATED this 16th day of February, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART ROLLNESS'
MOTIONS IN LIMINE