UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD ALLEN FABEL,
RODNEY ROLLNESS,
JOSHUA BINDER, and
RICKY JENKS, and
PAUL FOSTER.

    Defendants.

Case No. CR06-041L

ORDER DENYING ROLLNESS' MOTION TO SEVER

## I. INTRODUCTION

This matter comes before the Court on defendant Rollness' "Motion to Sever Counts 17 and 18" (Dkt. #484). Rollness argues that newly added Counts 17 and 18 are improperly joined with the other allegations contained in the Fifth Superseding Indictment (the "indictment"). For the reasons discussed below, Rollness' motion is denied.

## II. DISCUSSION

Federal Rule of Criminal Procedure 8(a) states that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected or constitute parts of a common scheme or plan.

ORDER DENYING ROLLNESS'
MOTION TO SEVER

As it did in its response to earlier motions to sever, the Government argues that joinder is appropriate in this instance because the conduct described in Counts 17 and 18 is part of "a common scheme or plan" and the crimes are of "the same or similar character" to the activities described in the rest of the indictment. Again the Court agrees.

In determining whether counts arise from a common scheme or plan the Court asks "whether 'commission of one of the offenses . . . either depended upon . . . or necessarily led to the commission of the other; proof of one act . . . either constituted . . . or depended upon proof of the other.'" United States v. Jawara, No. 05-30266, 2007 WL 121297, at *5 (9th Cir. Jan. 19, 2007) (quoting United States v. Halper, 590 F.2d 422, 429 (2d Cir. 1978). Where the joined counts are logically related and have a large amount of overlapping proof, joinder is appropriate. Id. The Government has identified a substantial number of witnesses who would testify at both trials if the counts were severed. These witnesses include M.K., VIN-switching experts and witnesses from the Washington and Oregon Department of Motor Vehicles. This weighs in favor of joinder. See Id. (Jawara involved two offenses where overlapping evidence was minimal).

The similarity in the character of the crimes alleged in Counts 17 and 18 and those alleged in the rest of the indictment also weighs in favor of joinder. In Jawara, the Ninth Circuit established the factors to be considered in evaluating the propriety of joinder under this prong of Rule 8(a):

> We consider it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims . . . .

Id. at *10. The similar nature of the joined offenses must be apparent on the face of the indictment. Id.

Here, the similarity of the crimes is apparent on the face of the indictment. The crimes alleged in Counts 17 and 18 and a number of other claims in indictment involve the trafficking of stolen motorcycles in the Northwest by defendant Rollness between January 2001 and

ORDER DENYING ROLLNESS'
MOTION TO SEVER

October 2005.  Because of the similarity of the offenses, the similarity of the location of these offenses, the similarity in modus operandi and the temporal proximity of the acts, there will be substantial evidentiary overlap between the counts.  All of these facts also support joinder.

Nor is severance justified under the principles contained in Federal Criminal Rule of Procedure 14.  In order to prevail on a motion to sever under Rule 14, the defendant must demonstrate that joinder "was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever."  United States. v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980).  The Court does not believe that joinder of the Counts 17 and 18 is manifestly prejudicial.  In any event, limiting instructions will suffice to avoid any risk of prejudice that may exist.  Zafiro v. United States, 506 U.S. 534, 539 (1993) ("less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

### III.  CONCLUSION

For the foregoing reasons, defendant Rollness' "Motion to Sever Counts 17 and 18" (Dkt. #484) is DENIED.

DATED this 16th day of February, 2007.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING ROLLNESS'
MOTION TO SEVER