UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR06-0041RSL |
| Plaintiff, | |
| v. | ORDER |
| RODNEY L. ROLLNESS, | |
| Defendant. | |

This matter comes before the Court under Local General Rule 8(c). Defendant has filed a "Motion: 28 U.S.C. §144 and § 455(b)(1) for Mandatory Disqualification and Recusal" (Dkt. No. 1006) that includes a request that the Honorable Robert S. Lasnik, United States District Judge, recuse himself from the above-captioned matter. Judge Lasnik declined to recuse himself voluntarily and the matter was referred to the Assistant Chief Judge. Dkt. # 1011. Defendant's request is therefore ripe for review by this Court.

The standards for recusal are set forth in Judge Lasnik's order of May 17, 2010. Although a judge must recuse himself if a reasonable person would believe that he is unable to be impartial (Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993)), a litigant may not use the recusal process to remove a judge based on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source (United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)).

Defendant argues that the following allegations arising during Defendant's trial

ORDER

reflect bias on Judge Lasnik's part: (1) certain photographic evidence was shown to the jury; (2) Judge Lasnik noted during the course of Defendant's trial that Defendant is not, in fact, Jesus; and (3) Judge Lasnik failed to grant a mistrial.

As a threshold matter, the Court must determine whether this motion for recusal is timely. Molina v. Rison, 886 F.2d 1124, 1131 (9th Cir. 1989) ("It is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] ... § 455 must be made in a timely fashion."). Allowing litigants to delay raising allegations of bias would result in a waste of judicial time and resources (see In re International Business Machines Corp., 618 F.2d 923, 933 (2d Cir. 1980)) and a heightened risk that litigants are using recusal motions for strategic purposes (see Ex Parte American Steel Barrel Co. and Seaman, 230 U.S. 35, 44 (1913)).

Defendant filed this motion to recuse several years after his trial had been completed. The risk that Defendant is using allegations of bias to overturn a decision of the court is therefore considerable: in effect, Defendant is seeking to remove Judge Lasnik from this case because of his performance while presiding over this matter. Because a judge's conduct in the context of pending judicial proceedings does not constitute the requisite bias under § 144 or § 455 if it is prompted solely by information that the judge received in the context of the performance of his duties, bias is almost never established simply because the judge issued an adverse ruling. See Larson v. Palmateer, 515 F.3d 1057, 1067 (9th Cir. 2008).

In order to overcome this presumption, Defendant would have to show that facts outside the record drove decisions or that the presiding judicial officer's rulings were so irrational that they must be the result of prejudice. Defendant does not allege any facts outside the record that improperly influenced the decisions in this matter. Having reviewed the record as a whole, the Court finds that Judge Lasnik's procedural rulings are well within his discretion and are entirely reasonable based on the evidence before him. If Defendant believes that Judge Lasnik's rulings or demeanor during the course of his trial were an abuse of discretion under the law of the Ninth Circuit, that argument must be made on appeal rather than in a motion to recuse.

Defendant has identified no error of law or fact, much less a determination that was so outlandish as to give rise to an inference of bias. The Court finds that Judge Lasnik's

impartiality cannot reasonably be questioned.  There being no evidence of bias or prejudice, Defendant's request for recusal is DENIED.

        Dated this 27th day of May, 2010.

                                            Marsha J. Pechman
                                            U.S. District Judge