UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODNEY ROLLNESS,<br><br>Defendant. | Case No. CR06-041-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

This matter comes before the Court on defendant's "Motion to Reduce Sentence" under 18 U.S.C. § 3582(c) (Dkt. 1113); the Government's response (Dkt. 1121); defendant's reply (Dkt. 1131); the Government's supplement (Dkt. 1133); defendant's supplement (Dkt. 1134); the Government's response (Dkt. 1136); defendant's reply (Dkt. 1148); and the related exhibits and declarations (Dkt. 1115, 1123, 1138, 1150, and 1151). Having considered the parties' submissions and the record contained herein, the Court DENIES the motion.[1]

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 1

## I.  Background

Defendant is a 65-year-old inmate currently incarcerated at Coleman I USP, a high security penitentiary in Florida. *See Find an Inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (last visited April 27, 2026). On June 11, 2007, defendant was convicted after a jury trial of multiple offenses, including participation in a Racketeer Influenced and Corrupt Organization ("RICO") in violation of 18 U.S.C. § 1962(c); RICO conspiracy in violation of 18 U.S.C. § 1962(d); and murder in violation of the Violent Crime in Aid of Racketeering statute, 18 U.S.C. § 1959(a) ("VICAR murder"). Dkt. 761 and 772. On October 18, 2007, defendant appeared before the Court for sentencing for these offenses. Dkt. 913 and 914. The Court sentenced defendant to life imprisonment and five years of supervised release. *Id*.

In April 2021, defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c), arguing, among other things, that the COVID-19 pandemic and his own "preexisting comorbidities" constituted "extraordinary and compelling reasons" that justified his release. Dkt. 1066. In Sept. 2001, this Court denied defendant's motion for compassionate release. Dkt. 1095. Defendant now moves again for a sentence reduction under § 3582(c), arguing that "extraordinary and compelling reasons" justify his release. Dkt. 1113 at 4. "This motion is not meant to disrespect the Court's previous rulings," defendant states. *Id*. at 3:13–16. "Rather, new evidence, including a significant decline in Mr. Rollness' health over the past four years,

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 2

currents risks, and other changed circumstances, now meet multiple criteria for sentence reduction eligibility and call for renewed judicial consideration." *Id*.

### 1. Legal Framework

A defendant may petition the Court to reduce his sentence by filing a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010). Under Section 3582(c)(1), a court may reduce a sentence based on "extraordinary and compelling reasons" if three conditions are met: (1) the defendant has either exhausted all administrative rights to appeal the BOP's failure to bring such a motion on the defendant's behalf or has waited until 30 days after the warden of the defendant's facility has received such a request; (2) the defendant has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with "applicable policy statements" issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. July 21, 2025). Under the applicable policy statement, medical circumstances of the defendant may qualify as an "extraordinary and compelling reason" justifying release. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 (as amended).[2] Finally, defendant must not be "a danger to the

---

[2] The Sentencing Commission revised policy statement 1B1.13 effective November 2023, thereby mooting the portion of *United States v. Aruda*, where the Ninth Circuit held that the policy statement was not "applicable" to a motion for compassionate release brought by a defendant directly to the Court. *See* 993 F.3d 797, 802 (9th Cir. 2021); *see also Bryant*, 144 F.4th 1119, 1124 (9th Cir. July 21, 2025). Therefore, the policy statement is now binding on this Court. *Id*.

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 3

safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," *id.* § 1B1.13(a)(2), and the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when determining whether to grant compassionate release. *See* § 3582(c)(1)(A). Where a court finds that the § 3553(a) factors preclude it from granting relief, the court need not make an explicit finding as to whether a defendant has established "extraordinary and compelling reasons" that could justifying reducing the defendant's sentence. *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021).

## 2. Exhaustion of Administrative Remedies

Defendant states, and the Government does not contest, that the exhaustion requirement is met here. *See* Dkt. 1113 at 3:17 and Dkt. 1121. *See also* 18 U.S.C. § 3582(c)(1)(A).

## 3. The 18 U.S.C. § 3553(a) Factors

As in this Court's Sept. 2021 order denying defendant's motion for sentence reduction under § 3582(c), the Court again finds that even if "extraordinary and compelling reasons" were to exist here, the § 3553(a) factors disfavor granting defendant the reduction in sentence he seeks. *See* Dkt. 1095 at 11–14. To allow defendant his requested sentence reduction would not adequately reflect the nature and circumstances of his offense and the need for his sentence to

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 4

reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. *Id*.

The Court does appreciate the concerns expressed by defendant, his counsel, and Dr. Jose Gomez Bautista regarding defendant's serious health conditions and the conditions at the Coleman penitentiary in Florida. Dkt. 1113, 1115, 1131, 1134, 1148, 1150, and 1151. The Court also appreciates the Government's analysis of defendant's health conditions as they relate to the specific legal criteria for a reduction in sentence. Dkt. 1121, 1123, 1133, 1136, and 1138. In addition, the Court appreciates defendant's continued efforts at rehabilitation (Dkt. 1113 at 20), as well as the letters and declaration of support from defendant's family (Dkt. 1113-4, Ex. D). As the Court stated in 2021:

> It is clear from defendant's many letters of support that he is beloved by his family and friends . . . and the Court sympathizes with their desire to have defendant released. During the course of defendant's trial, the Court was impressed by the Rollness family's support of defendant and the dignity of Mrs. Rollness and her children in the courtroom. Defendant's family is paying a steep price for defendant's wrongdoing, for which they bear no responsibility. Defendant never should have put his family through the anguish they have experienced, and will continue to experience—just as he never should have put the family of Michael Walsh through the lifetime of horror they are enduring. See Dkt. # 1085-1 at 2–5 (letters by several of Michael Walsh's family members voicing their fervent opposition to any reduction in defendant's sentence).

Dkt. 1095 at 13:17–26.

Because the Court has determined that the § 3553(a) factors still disfavor granting defendant a reduction in sentence at this time, the Court need not offer an explicit finding

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 5

on defendant's claim that "extraordinary and compelling reasons" now justify a sentence reduction. *Keller*, 2 F.4th at 1284 (9th Cir. 2021). However, the Court does recognize that defendant is now 65 years old, has serious health concerns, and is approaching 20 years of post-sentencing incarceration for his crimes. Dkt. 913 and 914. If, after serving 20 years of this Court's sentence in this matter, defendant again wishes to file a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c), this Court will be willing to look anew at the § 3553(a) factors and whether there are "extraordinary and compelling reasons" that may, or may not, justify a reduction in sentence. If defendant does file a new motion after serving 20 post-sentencing years, the Court will have oral argument on defendant's motion and one of the things the Court will be considering is whether defendant accepts responsibility for his crimes and has remorse and empathy for the family of Michael Walsh, the victim he was convicted of killing. At that time, the Court will also hear from any members of the Walsh and Rollness families who wish to advocate on the motion.

### D. Conclusion

For all the foregoing reasons, defendant's motion for reduction in sentence (Dkt. 1113) is DENIED.


IT IS SO ORDERED.

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 6

DATED this 26th day of May, 2026.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE - 7